IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    Civil No.: _____

                              Plaintiff
          -v-

Patrick Daley aka Patrick Sean Daley
148 William Street
Tonawanda, NY 14150
                              Defendant.
_____

## COMPLAINT

The United States of America, a Sovereign, by Forsyth, Howe, O'Dwyer, Kalb & Murphy, P.C., Attorneys for the plaintiff, complains and alleges as follows:

1. This is a suit to recover payments due and unpaid on student loans insured by the United States Department of Education under the Guaranteed Student Loan Program, Title IV_B of the Higher Education Act of 1965 (the "Act"), as amended, 20 U.S.C. § 1071, et seq.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1345.

3. Defendant, Patrick Daley aka Patrick Sean Daley, is a natural person over the age of twenty-one years who resides at 148 William Street, Tonawanda, NY 14150 within the jurisdiction of this Court.

4. Defendant entered into the promissory notes attached hereto and incorporated herein as Exhibit A.

5. Defendant has defaulted in making the payments due under said notes.

6. Defendant is now indebted to the plaintiff in the total amount of $14,564.02 as of 12/8/2010, by reason of the assignment to the United States of America of the defaulted promissory notes insured by the United States Department of Education under the Act, as more particularly described in the Certificate of Indebtedness, a copy of which is attached as Exhibit B.

7. Defendant has failed or refuses to repay said amount, although demand has been made.

WHEREFORE, plaintiff demands judgment against the defendant in the amount of $14,564.02 which includes the principal amount of $4,312.35 and interest in the amount of $3,725.09 as of 12/8/2010, pre-judgment interest on the principal is calculated at the per annum rate of 3.39% and a per diem rate of $0.40 on the principal amount of $4,312.35 until the date of judgment; post-judgment interest at the legal rate; and includes principal in the amount of $3,658.34 and interest in the amount of $2,868.24 as of 12/8/2010, pre-judgment interest on the principal is calculated at the per annum rate of 3.27% and a per diem rate of $0.33 on the principal amount of $3,658.34 until the date of judgment; post-judgment interest at the legal

rate; and Court filing fees in the amount of $350.00 pursuant to 28 U.S.C. § 2412.

DATED: Rochester, New York   March 16, 2011

S/Gerald N. Murphy
_____
FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY  14604
(585) 325-7515
Fax:  (585) 325-6287
Email:  Murphy@forsythhowe.com

**EXHIBIT A**

# STUDENT LOAN APPLICATION

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which include fines or imprisonment under the U.S. Criminal Code and USC

**TO BE COMPLETED BY THE STUDENT — IMPORTANT: READ INSTRUCTIONS CAREFULLY**

## PART A

1. **Social Security Number:** [redacted]
2. **Date:** [redacted]
3. **Area Code/Home Number:** (716) 824-1805
4. **U.S. Citizenship Status:** ☒ Citizen ☐ Eligible Non-citizen
   Alien Registration Number: ___
5. **Have you been a legal resident of NYS for 12 months immediately prior to the beginning of the academic period of this loan?** ☒ Yes ☐ No
6. **Period Covered by this Loan:** From 07/93 To 03/94
7. **Name:** Daley, Patrick Sean
8. **Total Stafford/SLS Loan Requested:** $3,835
9. **Permanent Home Address:** 31 Kelsey Drive, West Seneca, NY 14224
10. **Determine My Eligibility For:** ☐ 1 Stafford Only  ☒ 2 Stafford and SLS
11. **Have you received a Stafford (GSL) or SLS (ALAS) loan from a State or Agency other than New York?** ☒ No

    **LOGGED JUL 26 1993**
    APP # 264840
    AFSA LO-UT

12. **SLS Borrowers Only.** Do you wish to defer principal payments while in school? ☒ Yes ☐ No
12A. **SLS Borrowers Only.** Do you wish interest to be capitalized (added to the principal amount) during the in-school deferment? ☒ Yes ☐ No
13. **LENDER NAME AND ADDRESS:** M&T BANK

**References**
14. **Name:** Patrick Daley
    Address: 66 Parktrail, City: Cheektowaga, State: New York, Zip: 14225
    Telephone No.: (716) 656-0240
    Relationship to Applicant: Father
    Employer: Erie County Deputy Commis...
15. **Name:** Jack Daley
    Address: 11 Lauretton, City: West Seneca, State: West Seneca, Zip: 14224
    Telephone No.: (716) 675-4420
    Relationship to Applicant: Uncle
    Employer: West Seneca Police  Telephone No.: (716) 674-2250

**Promissory Note for a Student Loan Guaranteed by NYSHESC**
I. Promise to Pay. I, the undersigned borrower, promise to pay to the lending institution, indicated above, or to the holder(s) of this note when repayment becomes due as set forth in Paragraph II, all sums advanced to me for my credit under this contract (hereinafter 'loan' or 'loans'), plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, which the holder(s) incur in collecting this loan (See Paragraphs II, III, VI on the other side). Advances against this note granted hereunder will be made only upon my application and at such times and in such amounts as authorized by law. Upon approval of each loan advance I will be provided with a Notice of Loan Guarantee and Disclosure Statement containing the amount then advanced, the total advanced to date, the interest rate and other relevant terms.

16. Student Borrower Signature: Patrick Sean Daley
17. Date: 6/3/93

By my signature, I hereby authorize my school to transfer the proceeds of each of my loan disbursements to my student account. I understand that my student account will reflect the credit each time a transfer of the loan proceeds is made. If my lender or school does not participate in the electronic transfer of funds, I will receive a check(s) co-payable to my school and me for the loan. My signature certifies that I have read, understand and agree to the conditions and authorizations in the "Borrower Certification" printed on the reverse side.

**NOTICE TO STUDENT:** Terms of the Promissory Note continue on the reverse side.

## PART B — TO BE COMPLETED BY SCHOOL

18. **Federal School Code:** 002678-02
19. **School Name:** BRYANT & STRATTON, EASTERN HILLS CAMPUS, 200 BRYANT-STRATTON WAY, WILLIAMSVILLE, N.Y. 14231
20. **Disbursement Dates:** 07/14/93, 10/13/93, 01/12/94
21. **SLS Undergraduate Eligibility:** ☒ 3 ($4000)
22. **Class Year:** ☒ 2 (So.)
23. **Enrollment Status:** ☒ Full Time
24. **Academic Period of Loan:** From 07/06/93 To 03/25/94
25. **Anticipated Date of Program Completion:** 03/25/94
26. **Estimated Cost of Attendance for Loan Period:** $11,505
27. **Estimated Financial Aid for Loan Period:** $3,375
28. **Expected Family Contribution:** $1,630

29. Signature of Authorized School Official
30. Scott A. Heers — F/A Spec.
31. Date: 06/30/93

## PART C — TO BE COMPLETED BY LENDER

32. Lender Name and Address
33. Federal Lender Code
34. Amount Lender Approves: $
35. Signature of Authorized Lending Official: A. Mariani
    Date: 7/28/93

LENDER COPY (ORIGINAL)

HE 0100 (12/90) rev.

## ADDITIONAL TERMS OF THE PROMISSORY NOTE FOR A STUDENT LOAN GUARANTEED BY NYSHESC

**II. DATE NOTE COMES DUE.** I will repay this loan: 1) in periodic installments during a repayment period that will by law begin no later than the end of my grace period on a Stafford Loan or from date of disbursement on an SLS loan. SLS loans will not be eligible for a grace period; or 2) in full immediately if I fail to enroll and attend the school which certified my application for the academic period intended; 3) immediately in full, if this loan was made or guaranteed in error or in reliance upon a false statement. My grace period on a Stafford Loan is that period of time which begins when either I leave school or stop carrying at an eligible school approved by the United States Department of Education at least one-half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period if any. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

**III. INTEREST.** (1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However the U.S. Secretary ("Secretary") will pay the interest that accrues on the Stafford loan prior to repayment status and during any deferment if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Stafford Loan Program. In the event that the interest on this loan is payable by the Secretary; neither the lender nor other holder of the Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment status begins, I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note. (4) I understand that this application may be used for both the Stafford Loan and Supplemental Loans for Students ("SLS") programs, that the interest terms for such loans are different and are determined according to the following rules established by law: If I have an outstanding Stafford loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding Stafford loan(s). (b) If I have no outstanding Stafford loan(s) but I do have an outstanding balance on any PLUS or SLS loan(s) made for enrollment periods beginning before July 1, 1988, or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (c) If I have no outstanding balance on any Stafford, PLUS or SLS loan(s) made for enrollment period(s) beginning before July 1, 1988, or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, and (b) beginning with the fifth year of my repayment status, will be identified on the (Notice of Disclosure). (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. The interest rate on the SLS loan will vary annually on July 1, but, in no event will the rate exceed 12%. At the option of the lender either the amount of the monthly payment or the length of the repayment period will be adjusted in order to reflect changes in the interest rate in subsequent years. (7) The lender or other holder of this note may add accrued interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations/policies of the New York State Higher Education Services Corporation.

**IV. ORIGINATION AND INSURANCE FEES.** I will pay you an origination fee on a Stafford Loan as authorized by federal law not to exceed the amount identified on the Notice of Loan Guarantee and Disclosure Statement. I will pay to the lender an amount equal to the fee that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. If the lender does not withhold this premium from the principal amount of the loan and I have not already paid the premium, I will pay the premium when the lender bills me separately for it. The origination fee and the insurance premium may both be deducted from the proceeds of my loan. In the event of a multiple disbursement the insurance premium will be deducted proportionately.

**V. DEFAULT.** Default occurs when I fail to make an installment payment when due, or to meet other terms of the Application and Promissory Note, or under circumstances where NYSHESC finds it reasonable to conclude that I no longer intend to honor the obligation to repay, provided that my failure persists for (a) 180 days if I repay in monthly installments, or (b) 240 days if I am obligated to repay in installments due less frequently. If I default, my lender will ask NYSHESC to purchase my loan, at which time I will owe the entire balance of the loan to NYSHESC directly, and I will be ineligible to receive assistance from any of the following Federal programs: Pell Grant, Supplemental Educational Opportunity Grant, College Work-Study, State Student Incentive Grant, Byrd Scholarship, Perkins Loan (formerly called National Direct Student Loan), Stafford Loans, Supplemental Student Loans (SLS), PLUS Loans, Income Contingent Loans or Consolidation Loans. NYSHESC may disclose to schools I have attended or am currently attending the information about the default. In the event that bankruptcy proceedings are commenced by or against me, I specifically agree to notify NYSHESC of such occurrence in writing within twenty (20) days of the filing of a petition.

**VI. DEFAULT AND LATE CHARGES.** I agree to pay, in the event of default, reasonable attorney's fees plus costs and other charges necessary to collect any amount not paid when due. If I fail to make all or part of a scheduled monthly payment within 10 days of its due date the lender may assess a late charge not to exceed six cents for each dollar of each late installment.

**VII. ADDITIONAL AGREEMENTS.** 1) The proceeds of this loan will be used only for my education expenses at the school indicated in Part B of my application; 2) Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me; 3) Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provision of this Note can be waived or modified except in writing; 4) If NYSHESC is required under its guarantee to repay my loan(s) because I have defaulted, NYSHESC will have all rights of the original lender to recover on this Note or under the guarantee; 5) I understand that I must repay this Note even though I may be under 18 years of age; 6) If I am unable to make the scheduled payments for reason of hardship, I may at the discretion of the lender be eligible for forbearance of the repayment of my loan(s) as provided for in the NYSHESC regulations; 7) If I go into default on this loan, I agree to be sued in Albany County, New York; 8) In this Note the words, I, me, and my mean the borrower identified in Item 7 of Part A of the Application. You, your and yours mean the lender and any other owner of the Note.

**VIII. DEFERMENT.** You will let me pay interest only (if such interest is not paid by the United States Government) and let me delay making principal payments on this loan as provided below if my repayment period has begun. I agree that I am not in default and can provide will provide evidence that I qualify for the deferment: 1) While I am enrolled as at least a half-time student in the study as determined by that school, however, to obtain a deferment if school not located in the United States, I must be a citizen or national of the United States and enrolled in an eligible graduate

fellowship program, or of in a rehabilitation training program for disabled individuals, or di as a full-time student at an institution of higher education or vocational school which is operated by an agency of the United States Government. 2) For periods not exceeding 3 years for each of the following while I am a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service, or b) serving as a Peace Corps volunteer, or c) serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA), or d) providing service as a full-time volunteer for an organization exempt from Federal Income Tax under Section 501(c)(3) of the Internal Revenue Code of 1954, which the Secretary of Education has determined is, comparable to service performed in the Peace Corps or ACTION program. e) temporarily totally disabled, as established by affidavit of a qualified physician, or unable to work because I am providing care required by a spouse or another dependent who is temporarily totally disabled as established by affidavit of a qualified physician; 3) For a period not exceeding 2 years while I am serving an internship that is needed to gain professional recognition required to begin professional practice or service, or periods not exceeding 2 years during which I am serving in an internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers postgraduate training. (The cumulative time period for these deferments is 2 years) 4) For a maximum aggregate of twenty four months while I am conscientiously seeking but unable to find full-time employment in the United States. 5) For a period not in excess of six months for parental leave. If I am a new borrower for a period of enrollment beginning on or after July 1, 1987, or a loan is disbursed on or after July 1, 1987, the following deferments are also available: 1) While I am enrolled at a participating school in at least half-time study as determined by that school if I obtain a loan under Part B of Title IV of the Higher Education Act during such period of enrollment; 2) for periods not exceeding three years during which I am (a) an active duty member of the National Oceanic and Atmospheric Administration Corps (the 3 year limit includes any deferment time taken for Military and/or Public Health Service); or (b) during which I am engaged as a full-time teacher in a public or nonprofit private elementary or secondary school in a teacher shortage area established by the United States Secretary of Education. 3) For a period not in excess of twelve months for mothers of pre-school age children entering or re-entering the work force and who are compensated at a rate not in excess of $1.00 more than the minimum wage prescribed by Section 6 of the Fair Labor Standards Act of 1938.

**IX. REPAYMENT.** I will repay the total amount of this Promissory Note with interest in periodic installments unless the whole loan becomes due and payable as described in Paragraph II, "Date Note Comes Due" or Paragraph V, "Default." I agree to immediately notify in writing the lender or NYSHESC when I leave school, drop to less than half-time, or fail to enroll for the academic period in the school for which the loan was made. I understand you will send to me a Repayment Schedule which shows the particular repayment terms that will become part of this Promissory Note. The Repayment Schedule may include all loans I have received from you under the NYSHESC Stafford Loan or SLS Program. I understand that this is not a demand instrument and my obligation to begin timely repayment of principal and interest will not be forgiven for any reason, including lender or NYSHESC error except upon consent of NYSHESC.

The Repayment Schedule will require me to make monthly payments for a period of not less than 5 nor more than 10 years after this Note becomes due not counting periods for which I am granted any authorized deferment outlined in Deferment Paragraph VIII, or forbearance. At my option I may agree to a repayment period that is shorter than 5 years, however, I may at a later time have the repayment period extended so that the total repayment period is not less than 5 years. On loans disbursed on or after October 1, 1981 the total payments for any year of the repayment period on all loans received under Title IV, Part B of the Higher Education Act of 1965 as amended shall not be less than $600 per year including payments by my spouse on any loan under such loan programs (or the balance of all such loans plus accrued interest if less than $600) even though this may result in a repayment period shorter than 5 years.

**X. PREPAYMENT.** I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

**XI. CREDIT BUREAU NOTIFICATION.** Pursuant to law, you will report the following information concerning this loan to credit reporting agencies: 1) the total amount of loans made to me under this part and the remaining balance of the loans; 2) information concerning the date and amount of any default and subsequent collection activity including the status of any defaulted loan upon which payments have been made. If I default on this loan, the lender, holder or NYSHESC will also report the default to one or more credit bureau organizations. This may significantly and adversely affect my ability to obtain other credit. My lender, holder or NYSHESC must notify me at least 30 days in advance that information about the default will be disclosed to credit bureau organizations, unless I enter into repayment on the loan within the 30 days; 3) the date of cancellation of the loan for any reason established by law for such cancellation including death, permanent and total disability, and bankruptcy. The lender must provide a timely response to a request from any credit bureau organization regarding objections I might raise with that organization about the accuracy and completion of information reported about me.

## BORROWER CERTIFICATION.

I declare under penalty of law that the information contained in Part A of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, NYSHESC, U.S. Department of Education, or their agents any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I agree that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Part B. I understand that I must immediately repay any refunds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 24 of this application or which are in excess of the maximum annual or aggregate loan amounts established by Part B of Title IV of the Higher Education Act of 1965, as amended. I further certify that I do not owe a refund on a Pell Grant, Supplemental Grant or State Student Incentive Grant or Byrd Scholarship and I am not now in default on a Perkins Loan, National Direct Student Loan) or a Stafford Loan, or a Federally Insured Student Loan or a PLUS or SLS loan, Income Contingent Loan or Consolidation Loan. I further authorize my lending institution to make any check for the proceeds of my loan, jointly payable to me and the school named in Part B of this application, unless I am attending a foreign school, in which case the check will be made payable only to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

NOTICE TO STUDENT: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION AND PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATIONS.

# STUDENT LOAN APPLICATION

New York State Higher Education Services Corporation
Albany, New York 12255

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which include fines or imprisonment under the U.S. Criminal Code and USC 1097.

**TO BE COMPLETED BY THE STUDENT — IMPORTANT: READ INSTRUCTIONS CAREFULLY BEFORE COMPLETING — PRINT CAREFULLY**

### PART A

1. Social Security Number: [redacted]
- HESC USE ONLY
2. Birth Date: [redacted]
3. Area Code/Phone Number: (716) 824-1805
4. U.S. Citizenship Status: ☒ Citizen  ☐ Eligible Non-citizen
   Alien Registration Number: ____

5. Have you been a legal resident of NYS for 12 months immediately prior to the beginning of the academic period of this loan? ☒ Yes ☐ No
6. Period Covered by this Loan: From 07/93 To 03/94
7. Name: (Last) DALEY  (First) PATRICK  (M.I.) SEAN
8. Total Stafford/SLS Loan Requested: $3665
9. Permanent Home Address: 31 Kelsey Drive
   City: West Seneca  State: NY  Zip Code: 14224
10. Determine My Eligibility For: ☐ Stafford Only  ☒ Stafford and SLS

11. Have you received a Stafford (GSL) or SLS (ALAS) loan from a State or Agency other than New York? ☐ Yes  ☒ No — If no, proceed to item 12.

LOGGED  OCT 29 1993
APP # 336 346 FSA10-UT

12. SLS Borrowers Only. Do you wish to defer principal payments while in school? ☒ Yes ☐ No
12A. SLS Borrowers Only. Do you wish interest to be capitalized? ☒ Yes ☐ No

13. LENDER NAME AND ADDRESS: M AND T BANK

### STUDENT

**Nearest Living Adult Relative**
14. Name: Patrick Daley
Address: 66 Park Trail  City: Cheektowaga
State: NY  Zip: 14227  Telephone: (716) 656-0240
Relationship to Applicant: Father
Employer: Erie County  Telephone: (716) 858-4576

**Nearest Living Adult Relative Not Residing at Address in Item 14**
15. Name: Jack Daley
Address: 184 Laurelton  City: West Seneca
State: New York  Zip: 14224  Telephone: (716) 674-4430
Relationship to Applicant: Uncle
Employer: West Seneca Police  Telephone: (716) 674-2280

**Promissory Note for a Student Loan Guaranteed by NYSHESC**

I. Promise to Pay. I, the undersigned borrower, promise to pay to the lending institution, indicated above, or to the holder(s) of this note when repayment becomes due as set forth in Paragraph II, all sums advanced to me for my credit under this contract (hereinafter 'loan' or 'loans'), plus interest as set forth in Paragraph III, and any other charges which may become due as provided in Paragraph VI. If I fail to pay any of these amounts when they are due, I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by Federal law and regulations for the collection of this loan, from the holder(s) incur in collecting this loan (See Paragraphs II, III, VI on the other side). Advances against this note granted hereunder will be made only upon my application and at such times and in such amounts as authorized by law. Upon approval of each loan advance I will be provided with a Notice of Loan Guarantee and Disclosure Statement containing the amount then advanced, the total advanced to date, the interest rate and other relevant terms.

By my signature, I hereby authorize my school to transfer the proceeds of each of my loan disbursements to my school account. I understand that my student account will reflect the credit each time a transfer of the loan proceeds is made. If my lender or school does not participate in the electronic transfer of funds, I will receive a check(s) co-payable to my school and me for the loan. My signature certifies that I have read, understand and agree to the conditions and authorizations in the "Borrower Certification" printed on the reverse side.

16. Student Borrower Signature: Patrick Sean Daley
17. Date: 10/13/93

NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.

### PART B — TO BE COMPLETED BY SCHOOL

18. Federal School Code: 002678-02
19. School Name, Address and Telephone:
BRYANT & STRATTON BUSINESS INSTITUTE
EASTERN HILLS CAMPUS
200 BRYANT & STRATTON WAY
P.O. BOX 142
WILLIAMSVILLE, NEW YORK 14231-0142
716-631-0260

20. Disbursement Dates: 10/26/93  01/12/94

21. SLS Undergraduate Eligibility: ☒ 3 ($4000)
22. Class Year: ☒ So.
23. Enrollment Status: ☒ Full Time

24. Academic Period of Loan: From 07/06/93 To 03/25/94
25. Anticipated Date of Program Completion: 03/25/94
26. Estimated Cost of Attendance for Loan Period: $11505
27. Estimated Financial Aid for Loan Period: $7210
28. Expected Family Contribution: $1630

29. Signature of Authorized School Official: Robert Kogiecki
30. Print or Type Name and Title: ROBERT KOGIECKI – FA ADVISOR
31. Date: 10/25/93

### PART C — TO BE COMPLETED BY LENDER

32. Lender Name and Address:
33. Federal Lender Code:
34. Amount Lender Approves: $
35. Signature of Authorized Lending Official: P-MM MS-11-1-93

LENDER COPY (ORIGINAL)   3

HE 0100 (12/90) rev.

## Borrower Certification

I declare under penalty of law that the information contained in Part A of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend to release to the lending institution, subsequent holder, NYSHESC, U.S. Department of Education, or their agents any requested information pertinent to this loan (e.g. employment, enrollment status, current address). I agree that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Part B. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance at that school for the loan period stated in Item 24 of this application or which are in excess of the maximum annual or aggregate loan amounts established by Part B of Title IV of the Higher Education Act of 1965, as amended. I further certify that I do not owe a refund on a Pell Grant, Supplemental Grant, State Student Incentive Grant or Byrd Scholarship and I am not now in default on a Perkins Loan (National Direct Student Loan) or a Stafford Loan, or a Federally Insured Student Loan or a PLUS or SLS loan, Income Contingent Loan or Consolidation Loan. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full, or in part made payable jointly to me and the school named in Part B of this application, unless I am attending a foreign school, in which case the check will be made payable to me. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application.

I understand that I will receive a Notice of Loan Guarantee and Disclosure Statement that identifies my loan amount, the fee rates and amounts, due dates, and grace period.

200 BRYANT STRATTON WAY
WILLIAMSVILLE NY 14231

## School Certification

I hereby certify that the student named in Part A of this application is accepted for enrollment or is enrolled as at least a half-time student, and is making satisfactory progress in a program determined to be eligible for this loan program. I further certify that the student is eligible for this loan program based on all applicable provisions of federal law and regulations. I further certify that the disbursement schedule, applicable to the loan applied for and provided by this institution, complies with the requirements of the Higher Education Act of 1965, as amended. I further certify that, based upon records available at this institution and due inquiry of the student, the student has satisfied the requirements under the Selective Service Act necessary to receive financial aid, is not in default on any loan made under Title IV student assistance program identified in 34 CFR Part 668, and is not liable for any refund of any grant made under any student assistance program identified in 34 CFR Part 668. I further certify that this institution will comply with all applicable provisions of federal law and the rules, regulations, policies, and procedures of New York State Higher Education Services Corporation in the administration of this loan. The information provided in Part B and this School Certification is true, complete, and correct to the best of my knowledge and belief.

"PAY TO THE ORDER OF NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION WITHOUT RECOURSE AND WITHOUT WARRANTY".
AFSA DATA CORPORATION
Ronald L. Ferris
ON BEHALF OF AND AS ATTORNEY IN FACT FOR M&T Bank

I certify, under penalty of perjury, that this document is a true and exact copy of the original.
(Signature) 7/6/95 (Date)
Default Rep (Title)

FEB 17 93

**EXHIBIT B**

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #1 OF 2**

Patrick Daley
Aka: Patrick Sean Daley
148 William St.
Tonawanda, NY 14150-3424
Account No. XXXXX9606

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 12/08/10.

On or about 06/03/93, the borrower executed promissory note(s) to secure loan(s) of $3,835.00 from M&T Bank. This loan was disbursed for $3,500.00 on 01/12/94, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by New York State Higher Education Services Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 04/27/95, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $3,658.34 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/09/01, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $35.82 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $3,658.34 |
| Interest: | $2,868.24 |
| Total debt as of 12/08/10: | $6,526.58 |

Interest accrues on the principal shown here at the current rate of 3.27 percent and a daily rate of $0.33 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/27/10

Loan Analyst
Litigation Support

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

**CERTIFICATE OF INDEBTEDNESS #2 OF 2**

Patrick Daley
Aka: Patrick Sean Daley
148 William St.
Tonawanda, NY 14150-3424
Account No. XXXXX9606

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 12/08/10.

On or about 06/03/93 and 10/13/93, the borrower executed promissory note(s) to secure loan(s) of $3,835.00 and $3,665.00 from M&T Bank. This loan was disbursed for $335.00 on 01/12/94 and $3,665.00 on 01/12/94, at a variable rate of interest to be established annually by the Department of Education. The loan obligation was guaranteed by New York State Higher Education Services Corporation, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $0.00 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 10/26/94, and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $4,312.35 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 08/09/01, assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $25.18 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $4,312.35 |
| Interest: | $3,725.09 |
| Total debt as of 12/08/10: | $8,037.44 |

Interest accrues on the principal shown here at the current rate of 3.39 percent and a daily rate of $0.40 through June 30, 2011, and thereafter at such rate as the Department establishes pursuant to section 427A of the Higher Education Act of 1965, as amended, 20 U.S.C. 1077a.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 12/27/10

Loan Analyst
Litigation Support

VERIFICATION

STATE OF NEW YORK   )
                    )   ss:
COUNTY OF MONROE    )

Gerald N. Murphy, being duly sworn, deposes and says:

1. I am an Attorney duly admitted to practice in the Federal Courts of the Western District of the State of New York and have read the foregoing Complaint.

2. The allegations of the Complaint are true, except those matters alleged-on information and belief, and those matters I believe to be true. The grounds of my knowledge and the sources of my information and belief are records of the U.S. Department of Education and public records.

3. This verification is made by me and not by plaintiff because the United States of America is a sovereign.

S/Gerald N. Murphy

FORSYTH, HOWE, O'DWYER,
KALB & MURPHY, P.C.
One Chase Square, Suite 1900
Rochester, NY 14604
(585) 325-7515
Fax: (585) 325-6287
Email: Murphy@forsythhowe.com

Sworn to and subscribed before on:
March 16, 2011

*Patricia M. Attoma*
Notary Public

PATRICIA M. ATTOMA
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN MONROE COUNTY
COMMISSION EXPIRES MARCH 30, 20 14